**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEREK ARCHER,

    Plaintiff,

-v-

OCWEN LOAN SERVICING, LLC

    Defendant.

_____/

CASE NO.:

3:18-cv-550-J-39JRK

FILED

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Derek Archer, by and through the undersigned counsel, and sues Defendant, OCWEN LOAN SERVICING, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

1

telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 1256(11ᵗʰ Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robo-calls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robo-calls, Texts to Wireless Phones*,      Federal      Communications      Commission,      (May      27,      2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

      8.     The alleged violations described herein occurred in St John's County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

      9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in St John's County, Florida

      10.    Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

      11.    Plaintiff is an "alleged debtor."

      12.    Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

      13.    Defendant is a corporation which was formed in Florida with its principal place of business located at 1661 Worthington Road, Ste 100 West Palm Beach Florida 33409 and which conducts business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays Street Tallahassee, Florida 32301.

      14.    The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

      15.    Defendant is a "creditor" as defined in Florida Statute §559.55(5).

16. Defendant called Plaintiff on Plaintiff's cellular telephone approximately six-hundred (600) times in an attempt to collect a debt.

17. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that he knew it was an auto-dialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and/or he received prerecorded messages from Defendant.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (904) ***-4527, and was the called party and recipient of Defendant's calls.

20. Upon receipt of the calls Defendant, Plaintiff's caller ID identified the call were being initiated from, but not limited to, the following telephone numbers: (800) 310-9229, (800) 446-2936, (877) 596-8580, and (561) 692-7000. When those numbers were dialed a pre-recorded message came on the line and said "Thank you for calling Ocwen."

21. On several occasions over the last four (4) years Plaintiff instructed Defendant's agent(s) to stop calling his cellular telephone.

22.     In or about September 2017, Plaintiff answered a call from Defendant to his aforementioned cellular telephone number. Plaintiff spoke to an agent/representative of Defendant and informed the agent/representative that the calls to his cellular telephone were harassing and demanded that they cease calling his cellular telephone.

23.     Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff on his cellular telephone, Defendant continues to place automated calls to Plaintiff.

24.     Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of Plaintiff.

25.     Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was knowing and willful.

26.     In or about October 2017, Plaintiff answered a call from Defendant and spoke to an agent/representative of Defendant. Plaintiff explained to Defendant's agent/representative that the automated calls to his cellular telephone were harassing and again demanded that all calls to his cellular telephone cease.

27.     In or about January 2018, Plaintiff again spoke to an agent/representative of Defendant and demanded a cessation of calls to his cellular telephone from Defendant.

28.     Plaintiff's numerous conversations with Defendant's agent/representative wherein he demanded a cessation of calls were in vain as Defendant continues to bombard him with automated calls unabated.

29.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

30.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

31.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant, to remove the number.

32.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff; despite these individuals explaining to Defendant they wish for the calls to stop.

33.     Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

34.     Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

35.     Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

36.     Defendant s corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

37.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

38.     Not a single call placed by Defendant to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

39.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

40.     From each and every call placed without consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

41.     From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's calls.

42.     From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

43.    Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

44.    Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

45.    Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

46.    Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular phone services.

47.    As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, distress and moodiness.

## COUNT I
### (Violation of the TCPA)

48.    Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-seven (47) as if fully set forth herein.

49.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

50.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against OCWEN LOAN SERVICING, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

51.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-seven (47) as if fully set forth herein

52.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

53.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

54.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

55.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against OCWEN LOAN SERVICING, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ John C. Distasio*

John C. Distasio, Esquire
Florida Bar #: 96328
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 257-0571
jdistasio@forthepeople.com
jsherwood@forthepeople.com
*Attorney for Plaintiff*